UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME AMANDA BAXTER,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 14-cv-01306-WHO<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 20, 22 |

## INTRODUCTION

Plaintiff Jaimie Amanda Baxter suffers from a history of post-traumatic stress disorder, major depression, and cognitive disorder. She argues that the Administrative Law Judge (ALJ) failed to fully and fairly develop the record and violated her due process right to be heard when he amended a prior decision granting Baxter benefits from 2005 and issued a new decision granting benefits from 2008 without holding a supplemental hearing. The ALJ erred by failing to follow an applicable regulation regarding the reopening of decisions. Baxter's motion is GRANTED, the Commissioner's motion is DENIED, and the matter is remanded for further proceedings.

## BACKGROUND

On November 3, 2008, Baxter filed applications for disability insurance benefits and for Supplemental Security Income ("SSI") benefits under Title II and Title XVI of the Social Security Act, claiming that she had been disabled since July 1, 2005 as a result of depression, acquired hydrocephalus, meningitis, vision, neck, back problems, and brain surgery. Administrative Record ("AR") AR 243-249. The applications were denied initially on April 6, 2009 and upon

1    reconsideration on August 11, 2009. AR 120, 129. On July 26, 2010, Baxter's counsel wrote to
2    the ALJ stating that Baxter had made a previous application in 2005, and arguing that the prior
3    application should be reopened or have a 91-5p hearing.[1] AR 138. A hearing before an ALJ took
4    place on September 14, 2010. AR 97-117.
5            At the hearing, the ALJ informed Baxter's counsel that a search of the Agency's electronic
6    records and the paper file sources failed to show evidence of a prior application in 2005. AR 101-
7    102. In response, Baxter's counsel produced a document purporting to be from the Social Security
8    Administration ("SSA") listing the date of the alleged application, September 16, 2005, and
9    suggested that he might have a copy of the initial denial of the application in storage. AR 102,
10   278. Counsel had no other documentary evidence of Baxter's application. He suggested that the
11   SSA could not find evidence of Baxter's 2005 application because the application may have been
12   lost when the SSA paper files were changed over to electronic records, or that the records may
13   have been lost simply due to the size and complexity of the Los Angeles office, where Baxter
14   allegedly filed her 2005 application. AR 103. Finally, Baxter's counsel argued that a 91-5p
15   determination might be necessary to show Baxter had good cause for not appealing the denial of
16   her 2005 application. AR 102.
17           During the September 2010 hearing, counsel asserted that Baxter herself would testify that
18   she applied in 2005 and received a denial letter in 2005, and that at the time she had no
19   representation. AR 102. Baxter, however, did not testify during the hearing. She left the hearing
20   claiming that the phone noise disturbed her and aggravated her pain. AR 106. Baxter's counsel
21   waived her presence at the hearing. *Id*. Baxter's therapist, Caroline Conley, M.F.T., was present
22   and testified that Baxter came to a therapy session in the fall of 2005 and indicated she was

---

[1] A 91-5p hearing concerns whether there is "good cause" based on mental incapacity for an extension of time to appeal an adverse determination. "When a claimant presents evidence that mental incapacity prevented him or her from timely requesting review of an adverse determination, decision, dismissal, or review by a federal district court and the claimant had no one legally responsible for prosecuting the claim (for example, a parent of a minor claimant, legal guardian, attorney, or other legal representative) at the time of the prior administrative action, SSA will determine whether or not good cause exists for extending the time to request review. Hence, a claimant who can establish good cause for failing to file a timely appeal can proceed with his appeal, regardless of how much time has passed since the prior administrative action." 1 *Soc. Sec. Disab. Claims Prac. & Proc.* § 15:14 (2nd ed. 2014)

depressed because her social security application had been denied. AR 112-113. Conley stated Baxter was having a lot of mental problems at the time and would have been unable to pursue the denial of her application. AR 113.

On September 20, 2010, the ALJ rendered a decision finding that Baxter did not have the capacity to pursue her claim and reopening her alleged 2005 application (using a file date of September 16, 2005),[2] finding her disabled since July 1, 2005, and awarding benefits starting on that date. AR 55-59. The ALJ accepted "Baxter's testimony" about her prior application, even though she had not testified, as well as Conley's testimony, and the documentary evidence Baxter's counsel provided as sufficient proof that Baxter had filed an SSI application on September 16, 2005. AR 58.

On January 25, 2011, the ALJ reopened and revised the September 20, 2010 decision. AR 49. The ALJ found he erred in the September 20, 2010 decision in finding that there was sufficient proof of the 2005 application. *Id*. The ALJ explained that in effectuating the September 20, 2010 decision, the Social Security field office determined that the documentary evidence presented by Baxter's counsel at the hearing, and accepted by the ALJ as sufficient proof of the 2005 application, was not from the SSA but from the California Employment Development Department ("EDD"). AR 49-50, 278. According to the Social Security field office, there was no record of Baxter filing a prior application. AR 49-50, 242. Before issuing the revised decision, the ALJ asked his staff to investigate the existence of an application prior to November 3, 2008, but his staff found no evidence of a prior application. AR 49-50, 240. The ALJ also noted that he requested paper files to be searched and produced, but no documents regarding a 2005 application were found. AR 49.

On reconsideration, the ALJ determined there was no "reliable evidence" of an SSI application from 2005, and that the document provided by her counsel established only that Baxter may have filed a claim at that time with the EDD. AR 50. The ALJ concluded that the only application that could be verified as having been filed with the Social Security Agency was the

---

[2] The ALJ found that under 91-5p it was appropriate to reopen the 2005 application. AR 58.

November 2008 application. *Id*. Based on that application, Baxter could only receive benefits from December 2008. *Id*.[3]

On January 12, 2012, the Appeals Council denied a request to review the ALJ's revised decision awarding Baxter benefits from December 2008, and that decision became the final decision of the Commissioner. AR 1. Baxter filed this action for judicial review pursuant to 42 U.S.C. § 405(g). Dkt. No. 1.

After receiving Baxter's motion for summary judgment, the SSA again investigated the existence of a 2005 application. Defendant's Cross-Motion for Summary Judgment ("Def's. Mot.") at 4. Along with the cross-motion, the Commissioner submitted the declaration of Michael Hanson, the SSA's Team Leader in the Office of the Regional Commissioner, Program Center Operations, Operations Support Bureau, Operations Analysis Section. *See* Hanson Decl. ¶¶ 1-4.

Hanson examined the document Baxter's counsel produced at the hearing. *Id*. Based on his 32 years of experience at the SSA and extensive familiarity with documents issued by the EDD, Hanson found that the document produced at the hearing was issued by the EDD. Hanson Decl. ¶¶ 1, 9. According to Hanson, he conducted computer searches of SSA records for claims filed under Baxter's social security number and found no record that Baxter had filed an application prior to November 3, 2008. Hanson Decl. ¶¶ 10-12. Hanson also reviewed Baxter's application filed on November 3, 2008, noting that Baxter had declared, under a penalty of perjury, that, "No previous application has been filed with the Social Security Administration by or for me." Hanson Decl. ¶¶ 14.

With her reply, Baxter submitted a declaration explaining the events surrounding the 2005 application. *See* Baxter Decl. ¶¶ 2-11, 17. At the time, she was living with her mother in Sherman Oaks and had just gotten out of the hospital. Baxter Decl. ¶ 6. Baxter describes going to the Van Nuys SSA office at the end of October 2005 to pick up an SSI application. Baxter Decl. ¶ 7. She was interviewed by someone in the Van Nuys office when she submitted her application. *Id*.

---

[3] In his revised decision, the ALJ did not address the hearing testimony of Baxter's therapist, Caroline Conley, where Conley explained that Baxter had told her about the SSA's denial of benefits decision in 2005. Presumably, the ALJ found that testimony "unreliable."

According to Baxter, about 6-8 weeks later she received a denial letter from the SSA.  Baxter Decl. ¶ 8.  Baxter explains that while the letter stated she had a right to an attorney and to appeal the decision, she did not understand her appeal rights or that she could receive free counsel. Baxter Decl. ¶¶ 8-9.  Baxter also clarifies how she gave her attorney the EDD document before the hearing and that he misunderstood her, introducing the EDD document into the record as proof of her 2005 SSI application when in fact she had told him it was not related to the SSI application. Baxter Decl. ¶17.

**LEGAL STANDARD**

A district court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  42 U.S.C. § 405(g); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).  Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." *Saelee v. Chater*, 94 F.3d 520, 521-22 (9th Cir. 1996) (internal quotations and citations omitted).  This "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations and citations omitted).  A court must review the record as a whole and consider adverse as well as supporting evidence. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. *Id*.

**DISCUSSION**

Baxter argues that by failing to hold a supplemental hearing before issuing the January 25, 2011 decision revising the September 20, 2010 decision, the ALJ violated Baxter's due process rights and his duty to fully and fairly develop the record.  Baxter seeks reversal of the ALJ's decision and remand for rehearing on the issue of the existence of her alleged 2005 application. The parties do not dispute that Baxter has been disabled since July 1, 2005.  The issue is whether the ALJ was required to hold a supplemental hearing before he amended his fully favorable September 2010 decision and issued the revised, partially favorable, January 2011 decision.

Under 20 C.F.R. § 416.1492 ("Notice of revised determination or decision."), if an ALJ "proposes to revise a decision, and the revision would be based on evidence not included in the

5

1  record on which the prior decision was based" the SSA must notify the claimant "of the proposed
2  action and of [the] right to request that a hearing be held before any further action is taken." *Id.*, §
3  416.1492(e). If an ALJ "proposes to revise a decision, and the decision would be based only on
4  evidence included in the record on which the prior decision was based," the SSA is required to
5  notify the claimant "of the proposed action." *Id.*, § 416.1492(f).

6  Here the *only* notice that Baxter received of the ALJ's intent to revise the 2010 fully
7  favorable decision to the 2011 decision that reduced the time period for which benefits would be
8  awarded was the January 2011 decision. There is no evidence in the record that the ALJ notified
9  Baxter that he was intending to revise his decision *prior* to issuing the revised decision. At a
10 minimum, therefore, the ALJ failed to comply with § 416.1492(e) which requires a claimant
11 receive notice of a "proposed" decision. *See Koolstra v. Sullivan*, 744 F. Supp. 243, 248 (D. Colo.
12 1990) ("the applicant is entitled to notice in writing of the proposed action *before* the decision is
13 revised." (emphasis in original)).

14 It makes sense to provide notice of intent to revise a decision prior to issuing a revised
15 decision. Had Baxter received notice of the ALJ's intent to revise the fully favorable 2010
16 decision, she could have submitted a declaration to the ALJ describing the facts surrounding her
17 alleged 2005 application (when she applied, where she applied, what she was told by the SSA) and
18 her attorney could have submitted testimony regarding his efforts to uncover evidence of Baxter's
19 2005 application. Here, Baxter was not provided that opportunity. *Cf. Koolstra*, 744 F. Supp. at
20 248 ("fundamental fairness dictates here that Koolstra be at least advised that the Appeals Council
21 is proposing to reverse the ALJ's finding of eligibility before final action is taken.").

22 In addition, it appears that the ALJ relied on additional evidence – evidence that was not in
23 the record when he issued the September 2010 opinion – in issuing his revised 2011 decision. To
24 justify his revised 2011 decision, the ALJ primarily relied on the fact that he erroneously
25 concluded that the document submitted at the hearing by Baxter's counsel showed an SSI
26 application, which the Social Security field office subsequently identified as an EDD document.
27 But he also notes that after he discovered this, he "again ha[d] [his] staff re-check the Social
28 Security computer system." AR 49. The ALJ, therefore, appears to have rested his revised 2011

6

1    decision in part on evidence that was not before him at the time he issued the September 2010
2    decision. In those circumstances, the ALJ was required not only to notify Baxter that he intended
3    to revise his decision but also that she had a right to a hearing *before* the revised decision was
4    issued. 20 C.F.R. § 416.1492. At that hearing, Baxter's counsel would have not only been able to
5    introduce Baxter's testimony about her prior application but could also have explored and
6    challenged how the ALJ conducted the supplemental search for a record of Baxter's alleged 2005
7    application. Reply [Docket No. 25] at 5 (arguing the ALJ failed to adequately explain the steps
8    taken to search for the 2005 application).

9         I find that the ALJ's failure to follow applicable regulations was legal error that requires
10   remand.

11        Baxter also argues that notice provided with the January 2011 decision was inherently
12   ambiguous, and a violation of her due process rights, because it informed her both that: (1) she
13   could contact the ALJ's office if she wanted to review the evidence the ALJ relied on or have an
14   oral hearing; or (2) if she disagreed with the decision, she needed to file an appeal with the
15   Appeals Council. AR 45; *see also* Reply at 6-7. I agree that the January 2011 notice is
16   ambiguous, because a reasonable interpretation is that Baxter was required to file an appeal if she
17   disagreed with the decision, but by doing so she would have to have to forego a hearing with the
18   ALJ. As the Ninth Circuit has explained, "[o]ne of the fundamental requirements of procedural
19   due process is that a notice must be reasonably calculated to afford parties their right to present
20   objections." *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). In *Gonzalez*, the Ninth
21   Circuit held that the use of a misleading notice violated due process because it introduced "a high
22   risk of error into the disability decisionmaking process." *Id*. Here, the January 2011 notice is
23   ambiguous and misleading, because it did not clearly inform plaintiff how and whether she could
24   pursue her right to an oral hearing with the ALJ while also objecting to his decision on its merits.
25   This error likewise requires remand. *Id*.

1 **CONCLUSION**

2   For the reasons above, Baxter's motion for summary judgment is GRANTED, and the
3 Commissioner's motion for summary judgment is DENIED.  This matter is remanded to the SSA
4 for further proceedings consistent with this Order.

5   **IT IS SO ORDERED**.

6 Dated: December 10, 2014



7   _____
8   WILLIAM H. ORRICK
    United States District Judge